# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| KEITH HAESSLY,<br>　　　*Petitioner*,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br>　　　*Respondent.* | No. 3:17-cv-1001 (VAB) |

## RULING AND ORDER ON MOTION TO
## VACATE, SET ASIDE, OR CORRECT SENTENCE

Keith Haessly ("Petitioner"), currently incarcerated at Fort Dix Federal Correctional Institution, and proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. to Vacate, Set Aside, or Correct Sent., ECF No. 1 (June 19, 2017) ("Mot.").

Mr. Haessly puts forth three separate claims for ineffective assistance of counsel and violation of his constitutional rights.

For the following reasons, Mr. Haessly's motion is **DENIED**.

## I.　　BACKGROUND[1]

On February 18, 2016, Mr. Haessly "waive[d] his right to be indicted and . . . pled guilty to a one-count Information charging him with use of an interstate facility to persuade a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b)." Plea Agm't, No. 3:16-cr-00032-1 (VAB), ECF No. 33, at 1 (Feb. 18, 2016). The offense carried a maximum penalty of life imprisonment and a mandatory minimum of ten years' imprisonment. *Id.* at 2.

---

[1] For the factual and procedural background of this case, the Court has relied on the related criminal matter, *United States v. Haessly*, No. 3:16-cr-00032-1 (VAB).

Before the sentencing hearing, the Court considered data obtained from the United States Sentencing Commission pertaining to sentences received by defendants convicted of offenses under 18 U.S.C. § 2422(b) with similar characteristics to Mr. Haessly's offense, which the Court also provided to the parties. Notice, No. 3:16-cr-00032-1 (VAB), ECF No. 54 (June 10, 2016). The data showed that from 2011 to 2015, there were thirty defendants nationwide who were sentenced under circumstances similar to Mr. Haessly's, eight of whom received sentences within their respective Sentencing Guidelines ranges, one who received a sentence above his Sentencing Guidelines range, and 21 who received sentences below the Sentencing Guidelines range. *Id.*

On June 14, 2016, the Court held a sentencing hearing. Min. Entry, No. 3:16-cr-00032-1 (VAB), ECF No. 58 (June 14, 2016). At sentencing, the Court found that Mr. Haessly's total offense level was 42 and his criminal history category was I, which resulted in a Sentencing Guidelines range of 360 months to life in terms of imprisonment; five years to life in terms of supervised release; ineligibility for probation; a fine of $25,000 to $250,000; and a mandatory special assessment of $100. Tr. Sent. Hrg. at 8:4–10:18, No. 3:16-cr-00032-1 (VAB), ECF No. 61 (June 29, 2016) ("Sent. Tr.").

The Court sentenced Mr. Haessly to a term of 240 months' imprisonment, below the Sentencing Guidelines range; a life term of supervised release; and a special assessment of $100. *Id.* at 66:6-67:17; J., No. 3:16-cr-00032-1 (VAB), ECF No. 59 (June 27, 2016).

On June 27, 2016, Mr. Haessly filed a direct appeal. Notice of Appeal, No. 3:16-cr-00032-1 (VAB), ECF No. 60 (June 27, 2016); *United States v. Haessly*, 688 F. App'x 42 (2d Cir. 2017) (summary order). Mr. Haessly "argue[d] that by seeking, reviewing, and considering" the data provided by the Sentencing Commission, this Court "profoundly erred." *Haessly*, 688 F. App'x at 43. Mr. Haessly argued that the Court's use of the data "was inconsistent with [its] duty to make

an individualized assessment of his case, treated the recommended guideline sentencing range as presumptively reasonable, violated [its] duty to resolve factual disputes on the record, usurped the authority of the Commission, and denied him due process of law." *Id.*

On April 19, 2017, the Second Circuit affirmed Mr. Haessly's sentence. *Id.* at 44. The court concluded that Mr. Haessly "did not argue to the district court," as he did before the Second Circuit, "that seeking and reviewing such information was inherently erroneous. Nor did he seek additional information . . . about how the district court or the Commission identified 'similar characteristics' to the present case as a survey criterion." *Id.* at 43. The Second Circuit found "no indication in the district court's thorough and conscientious remarks about the reasons for imposing the chosen sentence that the court gave undue weight to the challenged information," and thus "f[ou]nd no plain error affecting [Mr.] Haessly's substantial rights."[2] *Haessly*, 688 F App'x at 43. The Second Circuit also rejected Mr. Haessly's argument that his sentence was substantively unreasonable, concluding that this Court "scrupulously balanced . . . mitigating factors against the terrible harm inflicted by Haessly's crime and imposed a sentence well within the realm of substantive reasonableness." *Id.* at 44.

On June 19, 2017, Mr. Haessly moved to vacate, set aside, or correct his sentence in this Court. Mot. He sets forth three grounds on which he claims he is being illegally held, all pertaining to ineffective assistance of counsel. *Id.* at 4-8. First, he claims that his counsel "did not request a continuance to review the [Sentencing Commission] data, as she had previously indicated would be our preference," and "never requested to see the criteria or case information needed to develop the data." *Id.* at 4-5. Second, he claims that while he had discussed with counsel a request for edits

---

[2] While the Second Circuit noted its "concern" that this Court "did not explain how . . . it had defined the 'characteristics of Mr. Haessly's offense,'" and that Mr. Haessly and the government "would have been entitled, on request, to be advised of the criteria used to identify 'similar' cases," Mr. Haessly, "however, made no such request." *Id.* at 43 n.1.

3

to be made to a section of the Pre-Sentence Report describing certain "particularly inflammatory" videos in the record, "[c]ounsel did not request these changes to be made." *Id*. at 6. Third, he claims that while his counsel was notified when the Court would be viewing evidentiary material, "counsel did not request to be present at the viewing or be advised of what evidence was viewed," and that this absence of counsel "could have led to a higher sentence." *Id*. at 7. Mr. Haessly requests that his "sentence be set aside and remanded for resentencing."[34] *Id*. at 13.

## II.   STANDARD OF REVIEW

### A.  Section 2255

A federal prisoner challenging a criminal sentence may do so under 28 U.S.C. § 2255 "where the sentence (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004). The "petitioner[] bear[s] the burden of proving, by a preponderance of the evidence, that they are entitled to relief." *Blackmon v. United States*, No. 3:16-cv-1080 (VAB), 2019 WL 3767511, at *4 (D. Conn. Aug. 9, 2019) (citing *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000)).

Review on a § 2255 motion should be "narrowly limited." *Id*. (citing *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)). "A federal prisoner may not use a section 2255 petition to relitigate questions that were expressly or impliedly resolved during a direct appeal, unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct

---

[3] The Government did not file a response to Mr. Haessly's § 2255 motion. Nevertheless, the Court acknowledges that this motion should have been addressed sooner.
[4] On August 5, 2020, Mr. Haessly moved to reduce his sentence under the First Step Act. Mot. for Reduction in Sent., No. 3:16-cr-00032, ECF No. 68 (Aug. 5, 2020). On September 4, 2020, this Court denied Mr. Haessly's motion. Order, No. 3:16-cr-00032, ECF No. 81 (Sept. 4, 2020).

a clear error or prevent manifest injustice." *Patterson v. United States*, No. 2:16-cv-1052 (SRU), 2020 WL 3510810, at *1 (D. Conn. June 29, 2020) (citing *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2013)) (internal quotation marks omitted). "A petitioner is also barred from raising a claim on habeas review that was not properly raised on direct review unless the petitioner is able to show 'cause and actual prejudice' or 'actual innocen[ce].'" *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (alterations in original). "A petitioner may, however, bring a claim of ineffective assistance of counsel that was not raised previously at trial or on appeal." *Id.* (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

Section 2255 provides that a district court should grant a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, "[i]t is within the district court's discretion to determine whether a hearing is warranted." *Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003). In making this decision, district courts may "exercise their common sense," *Machibroda v. United States*, 368 U.S. 487, 495 (1962), and draw upon personal knowledge and recollection of the case, *see Blackledge v. Allison,* 431 U.S. 63, 74 n.4 (1997); *United States v. Aiello,* 900 F.2d 528, 534 (2d Cir. 1990). "Thus, a § 2255 petition may be dismissed without a hearing if, after a review of the record, the court determines that the allegations are insufficient as a matter of law." *Gonzalez-Gonzalez v. United States*, No. 3:14-cv-672 (AWT), 2017 WL 1364580, at *2 (D. Conn. Apr. 13, 2017).

"To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a plausible claim . . . , not that he will necessarily succeed on the claim." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (internal quotation marks omitted). "He must set forth specific facts supported by competent evidence, raising detailed and controverted

issues of fact that, if proved at a hearing, would entitle him to relief." *Burke v. United States*, No. 3:18-cv-718 (MPS), 2019 WL 3037079, at *2 (D. Conn. July 11, 2019).

Finally, because there is a *pro se* party in this case, this Court must liberally construe his filings to raise the "strongest arguments [they] suggest[]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman*, 470 F.3d at 474).

### B.  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must allege facts demonstrating both that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). Under the first prong, the moving party must demonstrate that counsel's performance "amounted to incompetence under 'prevailing professional norms'" rather than merely "deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690). Under the second prong, the moving party must demonstrate "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "Self-serving conclusory allegations to this effect are insufficient to establish ineffective assistance of counsel." *Hernandez v. United States*, 280 F. Supp. 2d 118, 122 (S.D.N.Y. 2003) (citing *United States v. Torres*, 129 F.3d 710, 715-17 (2d Cir. 1997); *United States v. Gonzalez*, 970 F.2d 1095, 1099-1101 (2d Cir. 1992)).

The "strategic choices [of counsel] . . . are virtually unchallengeable." *Strickland*, 466 U.S. at 690. "*Strickland* specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'"

*Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (citing *Strickland,* 466 U.S. at 689-90) (alteration in original). The court must, accordingly, presume that "counsel's conduct falls within the wide range of reasonable professional assistance, bearing in mind that [t]here are countless ways to provide effective assistance . . . and that [e]ven the best criminal defense attorneys would not defend a particular client in the same way." *Gonzalez-Gonzalez*, 2017 WL 1364580, at *2 (quoting *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990)) (internal quotation marks omitted) (alteration in original).

A petitioner therefore "cannot meet the first prong of the *Strickland* test merely by showing that his counsel employed poor strategy or made a wrong decision. Instead, the petitioner must establish counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment.'" *Hernandez*, 280 F. Supp. 2d at 122 (quoting *Strickland,* 466 U.S. at 687). *Strickland* does not require counsel to advance "meritless" claims. *Aparicio v. Artuz*, 269 F.3d 78, 99 n. 10 (2d Cir. 2001) ("Because the double jeopardy argument was meritless, Petitioner's trial counsel was not ineffective for failing to raise it.")

## III.   DISCUSSION

Mr. Haessly's § 2255 motion sets forth three ineffective assistance claims. First, his counsel allegedly failed to request a continuance to review the Sentencing Commission data and never requested to see the criteria or case information used to develop the data. Mot. at 4. Second, his counsel allegedly failed to request changes to be made to the Pre-Sentence Report pertaining to certain "particularly inflammatory" videos in the record. *Id.* at 6. Third, his counsel allegedly failed to request to be present at the viewing of certain evidentiary material, and that "[t]he viewing of this evidence by the court within 24 hours of sentencing and without being aware of the full interaction between parties could have led to a higher sentence." *Id.* at 7.

All of Mr. Haessly's arguments fail,[5] as he does not "offer any new facts showing that actual prejudice resulted or that the result of the proceeding would have been different if his trial counsel had done any of the things he now argues should have been done." *Lopez v. United States*, 792 F. App'x 32, 37 (2d Cir. 2019) (summary order) (citing *Strickland*, 466 U.S. at 694). As a result, this petition can be addressed without a hearing.

### 1. The First Claim

As to the first claim, the alleged failure to request a continuance to review the Sentencing Commission data and to see the criteria or information needed to develop the data, Mr. Haessly sets forth no facts showing that counsel's alleged inaction "fell below an objective standard of reasonableness" or amounted to incompetence "under prevailing professional norms" as required by *Strickland*. 466 U.S. at 688. Nor has Mr. Haessly offered facts demonstrating with "a reasonable probability that," but for counsel requesting more information about the data, "the result of the proceeding would have been different." *Id.* at 694.

The Court explained at sentencing that its sentencing determination was based not only on the Sentencing Commission data but rather, that it had weighed a host of factors under 18 U.S.C. § 3553, including Mr. Haessly's "background and characteristics; the nature and circumstances of the crime; the various purposes of a criminal sentence, which are punishment, deterrence,

---

[5] Ordinarily, in the context of § 2255 proceedings involving claims of ineffective assistance of counsel, the Second Circuit has "applied the mandate rule to bar [such claims] when the factual predicates of those claims, while not explicitly raised on direct appeal, were nonetheless impliedly rejected by the appellate court mandate." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). Mr. Haessly indicates that he raised his first claim, pertaining to the Sentencing Commission data considered by this Court, on direct appeal. Mot. at 2. But Mr. Haessly's briefing contended only that the Court's use of the sentencing data in general violated his Sixth Amendment right to effective assistance of counsel, not the claim he now raises , that Mr. Haessly's counsel failed to request to see the criteria or information needed to develop the data. Pet. Br., *Haessly*, 688 F. App'x at 21-27. Therefore, and because "ineffective-assistance claims ordinarily will be litigated in the first instance in the district court," *Massaro*, 538 U.S. at 505, and "a petitioner may bring an ineffective assistance of counsel claim whether or not the petitioner could have raised the claim on direct appeal," *Yick Man Mui*, 614 F.3d at 54 (citing *Massaro*, 538 U.S. at 509), this Court considers this claim, and the other ineffective assistance claims, on the merits.

rehabilitation, and incapacitation; the sentencing guidelines and the advice they give [the Court] about how to sentence [him]; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; the need to provide restitution to any victims of the offense, and so forth." Sent. Tr. at 58:8-21.

As the Court noted, "the nature and circumstances of [Mr. Haessly's] crime" included "over a thousand images involving nearly a thousand young boys," and the "deceit and exploitation that was involved in putting it together," resulting in a "horrific crime . . . [that[ warrants a significant sentence." Sent. Tr. at 60:13-15; 63:23-64:13. Despite the nature of the crime, however, the Court nevertheless imposed a sentence below the Sentencing Guidelines range, concluding that "by admitting [his] guilt early . . . [Mr. Haessly] allowed the healing process for [his victims] to begin as early as possible." *Id.* at 60:7-21.

With respect to the Sentencing Commission data, the Court noted that while the data were "helpful," it also noted that because the data included only "only 30 sentences," the information "provid[ed] very little context" for sentencing. As the Second Circuit concluded on direct appeal, "[t]here is no indication in the district court's thorough and conscientious remarks about the reasons for imposing the chosen sentence that the court gave undue weight to the challenged information." *Haessly*, 688 F App'x at 43. And "it is well established that '[t]he sentencing court's discretion is largely unlimited either as to the kind of information it may consider, or the source from which it may come. In fact, information from other proceedings may be relied upon at sentencing so long as the defendant has an opportunity to respond in order that the court not rely on misinformation." *Haessly*, 688 F. App'x at 43 (citing *United States v. Sisti*, 91 F.3d 305, 312 (2d Cir. 1996) (alteration in original)).

Mr. Haessly has offered no facts demonstrating that his already-below Guidelines sentence would have been further reduced had counsel requested, and presented argumentation on, the source of the data, or that the Court would have, as a result, changed its analysis of the relevant data. He therefore has not borne his burden of demonstrating that even if counsel had requested this information, it would have affected the Court's evaluation of the data, let alone that the ultimate "results of the proceeding would have been different" as required by *Strickland*. 466 U.S. at 694.

Accordingly, Mr. Haessly's first claim does not plausibly allege ineffective assistance of counsel.

### 2. The Second Claim

As to the second claim, the Court finds that this amounts to precisely the "[s]elf-serving conclusory allegation[] . . . insufficient to establish ineffective assistance of counsel." *Hernandez*, 280 F. Supp. 2d at 122 (S.D.N.Y. 2003).

Mr. Haessly alleges in his second claim that "[t]here were six videos described in section 18 of the Pre-Sentencing Report as having been viewed by [the probation officer] prior to writing the report" and that he had "discussed with counsel about having that section edited as the videos described were particularly inflammatory and not typical of the bulk of the evidence." Mot. at 6. He claims that "[c]ounsel did not request these changes be made." *Id.*

Mr. Haessly has not set forth a plausible claim that counsel's failure to request changes to this paragraph of the Pre-Sentence Report "fell below an objective standard of reasonableness" under the first *Strickland* prong or that, under the second prong, "but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687-88, 694.

As to the first prong, counsel for Mr. Haessly set forth eighteen objections to the Pre-Sentence Report. Obj. to the PSR, No. 3:16-cr-00032-1 (VAB), ECF No. 38-2 (Apr. 22, 2016). Mr. Haessly does not set forth facts demonstrating that counsel's failure to include an additional objection to this particular paragraph amounts to "incompetence under 'prevailing professional norms,'" *Harrington*, 562 U.S. at 105, or is anything more than, at worst, "poor strategy or . . . a wrong decision." *Hernandez*, 280 F. Supp. 2d at 122.

Even if Mr. Haessly had satisfied the first prong, which he has not, he has not demonstrated, and cannot demonstrate, under *Strickland's* second prong "a reasonable probability that, but for [the failure to request edits to the section], the result of the proceeding would have been different." 466 U.S. at 694.

Mr. Haessly stipulated in his plea agreement that "[f]rom in or about August 2013 to June 3, 2016, the defendant used video chat programs . . . to entice young boys to engage in sex acts, mostly masturbation," and "recorded numerous videos involving hundreds of different children," as well as distributed some of the images he recorded to another individual. Plea Agreement at 11. Mr. Haessly also admitted he had "enticed numerous other individuals to engage in sexually explicit conduct and his conduct involved [sic] more than at least six other boys." *Id.* At sentencing, the Court did not specifically reference the videos described in Section 18 of the PSR but instead noted the "over [one] thousand images involving nearly a thousand young boys," as well as "the deceit and exploitation that was involved in putting it together," and the "abus[e] of trust" involved in Mr. Haessly's offense. Sent. Tr. at 64:1-6.

Thus, there is "nothing in the record" to suggest that challenging Section 18 of the PSR would have resulted in a further reduction to Mr. Haessly's sentence that was already below the Sentencing Guidelines range. *See King v. United States*, No. 3:99-cr-67-AHN, 3:03-cv-147-AHN,

2005 WL 2387703, at *2 (D. Conn. Sept. 27, 2005) (denying ineffective assistance of counsel claim where there was nothing in the record to show that the court had relied on contested information in imposing sentencing enhancements); *Flaquer v. United States*, No. 3:11-cv-713, 2011 WL 6010254, at *7 (D. Conn. Dec. 1, 2011) (finding the defendant could not demonstrate prejudice under *Strickland* where "[n]othing in the record indicates that the sentencing court" solely based its determination on a challenged fact).

Accordingly, Mr. Haessly's second claim does not plausibly allege ineffective assistance of counsel.

### 3. The Third Claim

Finally, Mr. Haessly claims in his third claim that defense counsel "did not request to be present at . . . or be advised of what evidence was viewed" during a June 13, 2016, viewing of evidentiary material "in chambers with the FBI case agent." Mot. at 7. Mr. Haessly argues that "[i]t is likely that the court viewed, at least in part, the evidence referenced in [G]round [T]wo of this motion. The viewing of this evidence by the court within 24 hours of sentencing and without being aware of the full interaction between parties could have led to a higher sentence." *Id.*

Mr. Haessly's suggestions that "[i]t is likely that the court viewed" certain evidence and that such viewing "could have led to a higher sentence" are again examples of "[s]elf-serving conclusory allegations . . . insufficient to establish ineffective assistance of counsel." *Hernandez*, 280 F. Supp. 2d at 122 (S.D.N.Y. 2003). The Second Circuit requires some "objective evidence other than [a] defendant's assertions to establish prejudice." *Pham*, 317 F.3d at 182. Mr. Haessly has set forth no such objective evidence. He asserts no facts demonstrating that counsel's alleged failure to be present at the viewing falls "below an objective standard of reasonableness," nor sets

forth a plausible "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 687-88, 694.

Accordingly, Mr. Haessly's third claim does not plausibly allege ineffective assistance of counsel.

**IV.   CONCLUSION**

For the reasons explained above, Mr. Haessly's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED** without a hearing.

Because Mr. Haessly has not made a "substantial showing" of denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2).

The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of September, 2020.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge